IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ETHAN ALAN MORGAN                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:08cv18-MTP

FORREST COUNTY, et al.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants' Motion for Summary Judgment [54]. Having reviewed the motion, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motion should be granted in part and denied in part, that Plaintiff's claims against Defendants Forrest County, Sergeant Ronald Taylor, Sergeant Glen Nobles and Officer Ford should be dismissed with prejudice,[1] and that Plaintiff's failure to protect claim against Defendant Officer Leonard Millsap should not be dismissed at this time.

### Factual Background

Plaintiff Ethan Alan Morgan filed suit *pro se* on January 18, 2008, pursuant to 42 U.S.C. § 1983, asserting claims against Defendants arising out of an alleged assault that occurred while Plaintiff was a pre-trial detainee at the Forrest County Jail in Hattiesburg, Mississippi (the "Jail").[2] As clarified by his sworn testimony at an omnibus hearing held on August 22,

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [39], the court is authorized to enter final judgment pursuant to 28 U.S.C. § 636(c)(1), Fed. R. Civ. P. 73 and Local Rule 73.1.

[2] On June 22, 2007, Plaintiff was booked into the Forrest County Jail on charges of child exploitation and possession of child pornography. Plaintiff bonded out and was then booked back into the Jail on June 27, 2007 on eleven counts of sexual battery of a minor. *See* Exhs. 1-4 to Motion for Summary Judgment. Plaintiff is currently incarcerated at East Mississippi Correctional Facility.

1

2008,[3] Plaintiff alleges that on July 5, 2007, he was placed in Cell Block 33 at the Jail, a cell block that he alleges is used strictly for "lockdown prisoners." Plaintiff alleges that there were "no legal or administrative reasons" for him to be placed into a lockdown cell. Plaintiff alleges that during the evening shift, one of the guards yelled out to the other inmates what his charge was. Plaintiff claims that these inmates then asked Defendant Officer Millsap[4] to open Plaintiff's cell and "Cell # 6," and he did. The five inmates in Cell # 6 then allegedly beat Plaintiff while Officer Millsap watched from right outside his cell door. Plaintiff claims that this same incident occurred again, approximately thirty minutes later. He claims that he was hit on both sides of his head, as well as on his face, and was unconscious for a period of time. He claims that he was bleeding, and that Officer Millsap and one of the inmate who beat him picked him up and threw him in the shower, and threw his bloody clothes in the garbage. Plaintiff believes that Defendant Sergeant Ronald Taylor was responsible for placing him in the lockdown cell.[5]

Plaintiff claims that after the assault, Defendant Officer Ford laughed and told him that it did not look like his jaw was broken. Plaintiff also claims that the day after the assault, Officer Ford opened Plaintiff's cell again, at the other inmates' request. This time, however, the inmates did not beat Plaintiff; rather, they prayed for him. According to Plaintiff, these inmates also

---

[3] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Claims and allegations made at a *Spears* hearing supersede claims alleged in the complaint. *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987); *see also Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998).

[4] Officer Millsap was identified in Plaintiff's Complaint as "Unknown Millsaps," and has since been identified as Leonard Millsap.

[5] This belief is based on a comment Sergeant Taylor made after the alleged assault, when he laughed at Plaintiff and said to another inmate: "I told you they'd get him." He also allegedly called Plaintiff a "troublemaker."

2

asked Officer Ford to take Plaintiff to the hospital.

With regard to his injuries, Plaintiff alleges that his jaw was "sitting sideways" and that several days after the alleged assault he hit his jaw against the bars of his cell to knock it back into place so that he could eat. No doctor has ever diagnosed him with a broken jaw; however, Plaintiff claims that he still suffers pain and "popping" in his jaw.  Plaintiff also claims that he had a lot of bruising and swelling, as well as a ruptured ear drum. Plaintiff complains that it took him six days to see a nurse, and that he did not see a doctor until the following week. He claims that Defendant Sergeant Glen Nobles, who was called in by the nurse to look at his injuries, should have gotten him proper medical attention. Plaintiff claims that he has permanent scars on the left side of his head.

Plaintiff also asserted a claim for denial of legal access in his Complaint, alleging that he was denied access to the law library while at the Jail - although he did not make any mention of this claim at the omnibus hearing.

Defendants moved for summary judgment on January 22, 2009.  Plaintiff has not responded to the motion.[6]

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the

---

[6] On March 2, 2009, Plaintiff moved [60] for an extension of time to file a response to the Motion for Summary Judgment.  The court granted Plaintiff an extension until March 16, 2009. Plaintiff has not filed a response to the motion.

3

existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (*quoting U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

Failure to Protect Claim

As noted *supra*, Plaintiff alleges that Officer Millsap opened Plaintiff's cell at the request of the other inmates, and that he watched the inmates beat Plaintiff without doing anything. Plaintiff further alleges that he was not placed in cell block 33 for any legitimate reasons, and that he believed that Defendant Sergeant Ronald Taylor was responsible for placing him in there in a deliberate attempt to get him beaten up.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Hill v. Thomas*, 2009 WL 1181504, at * 1 (5th Cir. May 1, 2009 (*citing Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400-01 (5th Cir. 1995)). However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* (*citing Farmer*, 511 U.S. at 834). To prevail on a failure to protect claim, the Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "In order to act with deliberate indifference, 'the [defendants] must both be aware of the facts from which the inference could be drawn and that a substantial risk of serious harm exists, and he must also draw the inference.'" *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (*quoting Farmer*, 511 U.S. at 537). Mere negligence in failing to protect a prisoner from an assault does not form the basis of a failure-to-protect claim. *Hills*, 2009 WL 1181504, at * 1 (*citing Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990)).

In his pleadings, as well as in his sworn testimony at the *Spears* hearing, Plaintiff alleges

5

that Officer Millsap opened his cell door at the request of other inmates and then stood by and watched as those inmates assaulted Plaintiff. Officer Millsap denies that this ever happened. He avers that he never allowed any inmate to beat the Plaintiff and that he would never allow an inmate to beat another inmate. Officer Millsap also avers that at the time of the events in question, he was not working on the third floor where the Plaintiff was located and that he had no access to Plaintiff at that time. *See* Millsap Aff. (Exh. 23 to Motion for Summary Judgment) ¶¶ 5, 7. Based on the foregoing, the court finds that there is a genuine issue of material fact and, therefore, Officer Millsap is not entitled to summary judgment on Plaintiff's failure to protect claim.

Plaintiff also alleges that Sergeant Taylor was responsible for placing him in the lockdown cell and that he intended for Plaintiff to be assaulted. However, Sergeant Nobles and Sergeant Taylor aver that the reason Plaintiff was housed in cell block 33,[7] which is a medical lockdown and protective custody cell, was for his own protection, because of the nature of his crimes. Sergeant Taylor further explains that cell block 33 serves multiple purposes: it is for prisoners with medical conditions; it is a lockdown cell; and it is a cell that is "used for protective custody for both juveniles as well as adults that are charged with crimes that it would endanger them to put them in the general population." *See* Taylor Aff. ¶ 4; Nobles Aff. (Exh. 24 to Motion for Summary Judgment) ¶ 5; *see also* Exh. 21 to Motion for Summary Judgment (excerpt from Forrest County Jail policy manual stating that "Cellblock #33 is designated as the Forrest County Regional Jail's Administrative Lockdown Unit...designed to house inmates who

---

[7] The other place Plaintiff was housed at the Jail was cell block 110, which is a limited access unit. *See* Millsap Aff. ¶ 4; Nobles Aff. ¶ 5; Taylor Aff. ¶ 4.

are in need of protective custody, inmates who are security/escape risk and/or inmates who are disruptive and/or present a disciplinary problem."); Millsap Aff. ¶ 4. Sergeant Taylor explicitly denies that he deliberately placed Plaintiff in cell block 33 with the intention of getting him beaten up. He states that "Plaintiff was placed in cell block 33 for his protection and nothing else." *See* Taylor Aff. ¶¶ 5-6.

Even assuming that Plaintiff's allegations are true, based on the record before the court, Plaintiff has failed to demonstrate that Defendants Nobles and Taylor acted with deliberate indifference and, accordingly, they are entitled to summary judgment on Plaintiff's failure to protect claims.

Finally, with respect to Forrest County, Plaintiff explained at the *Spears* hearing that the reason he has sued Forrest County because there is an ongoing problem at the Jail of inmates being beaten. Plaintiff conceded that he does not know how Forrest County would have been on notice of this problem, although he speculated that it should have become aware by word of mouth. The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). Specifically, a plaintiff must show the existence of a policy, practice or custom of Forrest County "adopted or maintained with objective deliberate indifference to [his] constitutional rights," and he must show that such policy proximately caused the constitutional deprivation of which he complains. *See Grobowski v. Jackson Cty. Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (*per curiam*) (citations omitted). Moreover, municipal liability cannot be predicated on a theory of *respondeat superior*, and "[i]solated,

7

unconstitutional actions by municipal employees will almost never trigger liability."

Plaintiff has not identified a single action or inaction on the part of Forrest County that could establish its liability. And even if Plaintiff's allegations against the individual defendants regarding the alleged beating - addressed *supra* - were true, Forrest County would not be liable for those isolated actions under a theory of *respondeat superior*. Nor has Plaintiff pointed to a single policy, practice or custom of Forrest County that caused the alleged constitutional violations at issue in this case.[8] At the omnibus hearing, Plaintiff alleged that there has been an ongoing problem at the Jail of inmates beating other inmates, yet has failed to put forth any evidence too support this allegation. To the extent that Plaintiff claims that his placement into cell block 33 was in some way punitive, or a deliberate attempt to get him beaten up, that allegation is belied by the un-rebutted statements in Officer Millsap, Sergeant Nobles and Sergeant Taylor's affidavits, as well as by the policies at the Jail regarding Cellblock 33.[9]

For the foregoing reasons, Plaintiff's failure to protect claim should be dismissed.

Denial/Delay of Medical Treatment Claim

"Prison officials violate the constitutional proscription against cruel and unusual

---

[8] Indeed, there are specific policies in place at the Jail regarding the operation of Cellblock 33. Among other things, the policy requires that all cell doors be locked twenty-three hours a day, that no more than one cell will be opened at a time, and that only the inmates assigned to a cell will be allowed in that cell. *See* Exh. 21 to Motion for Summary Judgment

[9] Plaintiff claims that since the incidents in question, the Forrest County Sheriff's Department has terminated the employment of the named officers, thus admitting their guilt. However, Sergeant Taylor avers that he is currently a Sergeant with the Forrest County Sheriff's Department. *See* Taylor Aff. ¶ 1. Sergeant Millsap avers that he stopped working at the Forrest County Jail in order to take a position for higher pay at South Central Regional Medical Center. He emphatically denies that he was fired or disciplined as a result of the alleged incident involving Plaintiff. *See* Millsap Aff. ¶ 6.

8

punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. Mar. 19, 2004), *cert. denied*, 543 U.S. 864 (2004), (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). The Fifth Circuit has noted that deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (*quoting Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). An official acts with deliberate indifference only when he or she knows of and disregards an excessive risk to a prisoner's health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (citations omitted).

To successfully make out a showing of deliberate indifference, plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. Appx. at 965 (*quoting Domino*, 239 F.3d at 756). "Unsuccessful medical treatment, ordinary acts of negligence, or medical malpractice do not constitute a cause of action under § 1983." *Davidson*, 91 Fed. Appx. at 965 (*citing Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999)). Additionally, a prisoner's mere disagreement with the treatment he received will not stand as a basis for § 1983 liability, absent extraordinary circumstances. *Id.* (*citing Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995)). Further, "[d]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm*." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis added) (citation omitted).

As noted *supra*, Plaintiff alleges that after the assault, Officer Ford laughed and told him

9

that it did not look like his jaw was broken. Plaintiff complains that it took him six days to see a nurse, and that he did not see a doctor until the following week. He claims that Sergeant Nobles, who was called in by the nurse to look at his injuries, should have gotten him proper medical attention.

As set forth in various affidavits in support of the Motion for Summary Judgment, inmates are instructed when they arrive at the Jail that if they have a medical issue, they are to request a medical request form and fill it out. Nurse Ruby Bunkheila reviews those requests to determine if a doctor's care is needed. *See* Nobles Aff. ¶ 9; Taylor Aff. ¶ 10; Bunkheila Aff. (Exh. 26 to Motion for Summary Judgment) ¶ 3. Nurse Bunkheila, Sergeant Nobles and Sergeant Taylor all aver that they were not aware that Plaintiff had any medical issue until July 11, 2007, when Nurse Bunkheila received a telephone call from Plaintiff's attorney. At that time, Plaintiff was brought down to see Nurse Bunkheila and Plaintiff acknowledged to them that he had not notified anyone about what had allegedly happened, nor had he filled out a form for medical care, because he was afraid. *See* Bunkheila Aff. ¶ 3; Nobles Aff. ¶¶ 2, 8; Taylor Aff. ¶ 8; *see also* Exh. 8 to Motion for Summary Judgment (Nurse Bunkhaila's notes). Plaintiff then filled out a Request for Medical Care, on which he indicated that he was experiencing pain in his left jaw. Based on some bruising around Plaintiff's eyes, Dr. Washington was notified, and he prescribed Ultram, a painkiller. Nurse Bunkheila cleaned Plaintiff's wounds and applied antibiotic ointment. No bleeding or drainage were noted, nor was any swelling of his jaw noted.[10] *See* Exhs. 6, 7 & 8 to Motion for Summary Judgment. Because Nurse Bunkheila did not

---

[10] Plaintiff alleges that following the incident, his jaw was "sitting sideways" and that several days later he hit his jaw against the bars of his cell to knock it back into place so that he could eat. Plaintiff was never diagnosed with a broken jaw.

10

think it was an urgent situation, Plaintiff was seen again by Dr. Washington on his next trip to the jail on July 16, 2007, and the medication was continued. Since that time, Plaintiff submitted numerous Requests for Medical Care, and has received medical care for a variety of other ailments. *See* Exhs. 9-12 & 14-16, 18-19; *see also* Taylor Aff. ¶ 9; Nobles Aff. ¶ 8.

Plaintiff simply cannot establish deliberate indifference on the part of any of the Defendants based on these facts. As discussed above, Plaintiff admitted that he did not fill out a Request for Medical Treatment form following the incident in question and when the incident was brought to the attention of Nurse Bunkhaila and Sergeant Nobles, they immediately arranged for him to receive medical treatment. Plaintiff received medical treatment for the injuries he claims to have sustained as a result of the alleged beating, as well as for numerous other ailments while he was housed at the Jail. Plaintiff simply cannot establish that anyone at the Jail either refused to treat him or ignored his complaints.

With respect to Plaintiff's claim against Forrest County, as with his failure to protect claim, Plaintiff has failed to identify any specific action or inaction on the part of the County that gives rise to this claim of denial or delay of medical treatment. Even if any of the individual Defendants had failed to provide Plaintiff with medical care, the County could not be liable merely under a theory of *respondeat superior*. Nor has Plaintiff identified a specific policy, custom or practice that is relevant to this claim.[11]

Finally, Plaintiff has failed to establish that alleged delay in medical treatment caused him

---

[11] As set forth above, the policy at the Jail is that if inmates have medical issues, they are to request a medical request form and fill it out. Defendant Nurse Ruby Bunkheila reviews those requests to determine if a doctor's care is needed. Inmates are informed of this policy when they arrive at the Jail. *See* Nobles Aff. ¶ 9; Taylor Aff. ¶ 10; Bunkheila Aff. (Exh. 26 to Motion for Summary Judgment) ¶ 3.

substantial harm and for that reason as well, his claims should be dismissed. *See*, *e.g.*, *O'Bryant v. Culpepper*, 214 F.3d 1350, at * 1 (5th Cir. 2000) ("Although [plaintiff] was injured on a Saturday and did not receive treatment until the following Tuesday, he cannot show that the delay in treating his injury caused substantial harm."); *Hines v. Cain*, 2007 WL 891880, at * 12 (E.D. La. Mar. 20, 2007) (dismissing claim where delay in treatment "did not cause 'a lifelong handicap or permanent loss' sufficient to constitute a serious medical need for constitutional purposes") (citations omitted).

For the foregoing reasons, Plaintiff's claim of denial or delay of medical treatment should be dismissed.

Denial of Legal Access Claim

To prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (citation omitted); s*ee also Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. Apr. 23, 2004) (upholding dismissal of access-to-the-courts claim where plaintiff did not establish that he was unable to proceed in a case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes Cty.*, 89 Fed. Appx. 439, 442 (5th Cir. Jan. 23, 2004), *cert. denied*, 542 U.S. 923 (2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Richards v. Johnson*, 115 Fed. Appx. 677 (5th Cir. Oct. 20, 2004) (upholding dismissal of access-to-the-courts claim where plaintiff "alleged no fact showing that he has been prejudiced in his ability to prepare and transmit a necessary legal document to a court.").

Plaintiff alleges in his complaint that he was denied access to the law library; however, he fails to point to - much less allege - any specific prejudice that he suffered as a result, either in this lawsuit or in any other legal matter.[12] Accordingly, Defendants are entitled to summary judgment on this claim.

IT IS , THEREFORE, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [54] is granted in part and denied in part, that Plaintiff's claims against Defendants Forrest County, Sergeant Ronald Taylor, Sergeant Glen Nobles and Officer Ford are dismissed with prejudice, and that Plaintiff's failure to protect claim against Defendant Officer Leonard Millsap is not dismissed and will proceed to trial.[13]

SO ORDERED AND ADJUDGED on this the 21st day of May, 2009.

s/ Michael T. Parker
United States Magistrate Judge

---

[12] It appears that Plaintiff may have abandoned this claim, as he did not raise it at the omnibus hearing.

[13] A separate judgment in accordance with Fed. R. Civ. P. 58 will be entered, dismissing Plaintiff's claims against Forrest County, Sergeant Ronald Taylor, Sergeant Glen Nobles and Officer Ford, as set forth herein. Plaintiff's remaining failure to protect claim against Officer Leonard Millsap will proceed to trial, to be set by separate order.